UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROY LEE SKEENS,

        Plaintiff,

   v.                                  CAUSE NO. 3:21-CV-727-DRL-MGG

SHAYLA MATHIS *et al.*,

        Defendants.

## OPINION AND ORDER

Roy Lee Skeens, a prisoner without a lawyer, filed a complaint against three defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Skeens alleges that on May 2, 2018, he was released from Fulton County Jail awaiting trial on a Level 6 felony drug charge in Case No. 25C01-1804-F6-256. ECF 1 at 2. He was placed on pretrial release—EHD house arrest—as ordered by Judge Reed. *Id*. The pretrial release program was run by Shayla Mathis. *Id*. He states he was not on the best of terms with her, and she told him "this program is not for you." *Id*. However, despite Ms. Mathis's doubts, Mr. Skeens states he successfully completed the pretrial program.

*Id*. To complete the program, he drove 40 minutes to weekly meetings and underwent drug tests with Ms. Mathis. *Id*. He held a job that was an hour's drive each way, attended classes two to three times a week, underwent drug screening, and paid $100 each week he was on house arrest. *Id*. After seven and one-half months, he completed the program and was sentenced to 30 months with six months suspended with time served being 24 months. He states that meant he would serve 12 months on house arrest and six months on probation. *Id*. However, despite having served seven and one-half months on house arrest, at sentencing, Ms. Mathis would only give him credit for 54 days of the seven and one-half months he was on house arrest. *Id*. at 2-3. When he discussed the situation with Ms. Mathis, she told him that for every four days he was on house arrest, she could only give him credit for one day. *Id*. at 3. Ms. Mathis explained that case law established that all inmates, whether they are on house arrest, work release, or in county jail, who are awaiting trial, are credited the same amount of time. *Id*. Mr. Skeens calculated his sentence to run from May 2, 2018 to May 2, 2019, with six months of probation, based on the 30-month sentence he received for his Level 6 felony conviction and the credit time that would be applied to his sentence. *Id*.

Mr. Skeens states that in January 2019, he was notified he had violated his house arrest and was ordered to serve the rest of his sentence in jail. *Id*. at 3. Despite the revocation of his house arrest, he asserts the length of his sentence did not change because he would still receive good time credit time, six months of probation, and would be released on May 2, 2019. *Id*. When May 2, 2019 passed and he was not released from jail, he began writing to Judge Reed about his situation. *Id*. His family called the court and

2

probation department because he was told his release date was in December 2019. *Id*. He asserts his release date was corrected and he was told on July 31, 2019, that his release date would be August 10, 2019, and he would serve six months of probation after his release. *Id*. at 3-4. After he was released and completed his probation, Todd Hudson, a probation officer, told him his drug test was positive and, because of the situation, Judge Reed sentenced him to 14 more days in jail and another six months of probation even though he had already served three months in jail beyond his maximum release date of May 2, 2019, and served six months on probation. *Id*. at 4. Mr. Skeens states he should not have been required to serve the additional sentence and was given paperwork about his sentence, but he could not determine how the sentence had been calculated. *Id*. He asserts his constitutional rights were violated because he was wrongfully incarcerated beyond his maximum sentence date in Case No. 25C01-1804-F6-256 and seeks compensatory and punitive damages. *Id*.

As an initial matter, under 42 U.S.C. § 1983, Mr. Skeens cannot sue Judge Reed. He is immune from suit because "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrine of judicial immunity applies, Mr. Skeens cannot proceed against Judge Reed.

Upon review, Mr. Skeens cannot proceed on his claims in this action. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87; *see also Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (observing that *Heck* applies to a civil rights suit premised on the "invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"). Here, Mr. Skeens claims he was wrongfully incarcerated because he served an additional three months in jail beyond his May 2, 2019 maximum release date, and also served another 14 days in jail and six months of probation after he had a positive drug test. However, he does not allege, nor can it be plausibly inferred, that his sentence determination has been reversed on appeal, vacated, set aside, or otherwise called into question. A monetary award compensating Mr. Skeens for the time spent incarcerated would undermine or imply the invalidity of his conviction or sentence. Thus, he may not proceed on this claim until the conviction or sentence has been properly overturned or set aside.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan*

4

*Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

June 27, 2022                                                  *s/ Damon R. Leichty*
                                                               Judge, United States District Court